## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JOHN E. HANSEN, SR.** | § | **CIVIL ACTION NO. 5:22-cv-02152** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED REFRIGERATION, INC.** | § | |
| *Defendant* | § | |
| | § | **JURY DEMAND HEREIN** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **JOHN E. HANSEN, SR.**, resident of the full age of majority and domiciled in Bossier, Louisiana, who respectfully avers as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Family and Medical Leave Act, as it appears at 29 U.S.C. § 2601 *et seq.*

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States;

   b. 28 U.S.C. § 1343 (3) and (4), which give district courts jurisdiction over actions to secure civil rights extended by the United States government;

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically

in Caddo Parish, making the Shreveport Division the most appropriate Division for this suit. Defendant terminated Plaintiff from employment at its Shreveport site, located within the Parish of Alexandria, State of Louisiana.

## PARTIES

4. Plaintiff is a citizen of the United States and resides in the State of Louisiana.

5. Defendant, **UNITED REFRIGERATION, INC. ("URI"),** is a domestic limited liability company authorized and conducting business in the State of Louisiana. It may be served through its agent for service of process, Brian Schexnaydre, at 24232 Chef Menteur Highway, New Orleans, Louisiana 70129.

6. At all times relevant to the instant suit, Plaintiff worked for Defendant at its Shreveport, Louisiana location, which is located within the Parish of Caddo, State of Louisiana.

## STATEMENT OF FACTS

7. Plaintiff began his employment with Defendant on or about December 4, 2017. At all relevant times, Plaintiff was employed as a Warehouse/Counter Salesman.

8. Consistently throughout his employment, and as corroborated by his former performance reviews, Plaintiff performed his duties as a Warehouse/Counter Salesman exemplarily. Plaintiff was not issued any reprimands of any kind during his employment.

9. At no time during his employment did Plaintiff undergo orientation or otherwise learn the processes for requesting a medical leave of absence, short term disability benefits, or long term disability benefits.

10. On approximately February 24, 2020, Plaintiff presented to the Willis Knighton Bossier Health Center Emergency Room. He was excused from work from February 24, 2020 through February 26, 2020.

11. On February 26, 2020, Plaintiff presented to Louisiana Family Medicine Clinic, and he was excused from work from February 26, 2020 through March 2, 2020.

12. Upon learning of Plaintiff's ongoing medical issues, Plaintiff's wife immediately contacted Defendant, at which time Plaintiff's supervisor, John Hawks ("Hawks"), instructed her via telephone to come and obtain paperwork necessary to file a request for medical leave. According to Hawks, the paperwork was necessary to "save [Plaintiff's] job."

13. Plaintiff formally requested Medical Leaver under the FMLA on March 6, 2020.

14. On March 9, 2020, Plaintiff presented to the Willis-Knighton Emergency Room in Bossier, Louisiana, at which time he learned that he had Stage 3 Lymphoma and Leukemia.

15. On March 10, 2020, Plaintiff underwent a biopsy

16. On Mach 11, 2020, Plaintiff received a chemo port, which is a vein-access device implanted under the skin and used to draw blood and give treatments.

17. On March 13, 2020, Plaintiff received his first round of chemotherapy, which left him hospitalized in the intensive care unit (ICU) for five (5) days.

18. On March 18, 2020, Plaintiff was transported from the ICU back to the third floor of the Hospital.

19. On March 24, 2020, Plaintiff presented to the Bossier Emergency Department to undergo a CT Scan and EKG.

20. Defendant exhausted two weeks of Plaintiff's vacation time and one week of his sick pay instead of commencing Plaintiff's medical leave of absence. As such, although Plaintiff

requested medical leave on March 6, 2020, Defendant did not commence his medical leave of absence until approximately March 23, 2020.

21. Plaintiff underwent his second round of chemotherapy on April 7, 2020.

22. Plaintiff's treating physician completed the requested Medical Certification on April 29, 2020.

23. Plaintiff's supervisor, John Hawks, signed and approved the Leave of Absence request on April 30, 2020.

24. In an attempt to combat the spread of COVID-19 in Louisiana, Governor John Bell Edwards issued a Stay At Home Order, directing all Louisiana residents to shelter at home and limit movements outside of their homes beyond essential needs. The Stay at Home Order remained in effect from March 23, 2020 through May 15, 2020.

25. Upon information and belief, from March 23, 2020 through May 15, 2020, no employee of Defendant was permitted to go to Defendant's worksite to perform their sanctioned job duties.

26. Upon information and belief, Defendant counted all of the days Plaintiff was absent from work between March 23, 2020 through May 15, 2020 towards his protected medical leave, despite the fact that all of Defendant's employees had been furloughed or otherwise not permitted to return to work.

27. On July 7, 2020, Defendant, through Benefits Administrator, Kitanee Reaves ("Reaves") sent Plaintiff a letter, dated July 1, 2020, affording Plaintiff seven days (from July 1, 2020) to provide an update as to his work status. Plaintiff received the letter on or about July 13, 2020.

28. On July 13, 2020, the very same day that Plaintiff received the July 1, 2020 correspondence, Plaintiff attended a follow-up appointment with Robert Massingill, M.D. In a Progress Note dates July 13, 2020, Dr. Massingill indicated that Plaintiff would be able to return to work on or about August 17, 2020, at which time he should be reconditioned and recovered from treatment toxicity and able to reume normal work duties. Plaintiff provided the Progress Note to Defendant immediately after the appointment.

29. On or about July 17, 2020, Plaintiff received written correspondence from Defendant, through Reaves, that he had been terminated, effective July 17, 2020. On Plaintiff's formal separation notice, Defendant input "medical" as the stated reason for Plaintiff's separation.

30. Defendant maintains a policy, entitled "Separation Due to Extended Absence," wherein the company states that, "[e]mployees who are absent from work, for whatever reason, for a period of six (6) months in any twelve (12) month period will be separated from employment and will lose all rights of employment including, but not limited to, insurance and other benefits."

## FIRST CAUSE OF ACTION
## FMLA INTERFERENCE
*Pursuant to 29 U.S.C. § 2601 et seq.*

31. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

32. The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or attempt to exercise or of the attempt to exercise a substantive FMLA right or to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the statute. 29 U.S.C. § 2615(a)(1) & (2).

33. Upon information and belief, Defendant is a "covered employer" under the FMLA and, is thus, subject to FMLA requirements. Defendant is an entity or person engaged in

commerce who employs 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year.

34. Upon information and belief, Plaintiff is an "eligible employee." Prior to his request for medical leave, Plaintiff had worked for Defendant for at least twelve (12) months and for at least 1,250 hours during the twelve (12) months preceding his leave. As such, Plaintiff satisfies the requirement of 29 C.F.R. 825.110(a)(1)-(2).

35. Upon information and belief, Plaintiff was employed at a worksite that, between Plaintiff's worksite and all worksites within 75 miles of that worksite, contained fifty (50) or more employees. As such, Plaintiff satisfies the requirement of 29 C.F.R. 825.110(a)(3).

36. Alternatively, agents and employees of Defendant made representations to Plaintiff that he was eligible for leave under the FMLA and had reasons to believe that Plaintiff (who had received no prior orientation or instruction on medical leave) would rely upon the representations.

37. Additionally, Plaintiff reasonably relied on representations made to him by Defendant and acted thereon to his detriment. As such, Defendant is otherwise estopped from asserting any defense of non-coverage.

38. By virtue of his Stage 3 Lymphoma and Leukemia, Plaintiff suffered from a serious health condition that rendered Plaintiff unable to perform the essential functions of his position for a certain amount of time. Not only was Plaintiff incapacitated for more than three (3) consecutive days, but he required chemotherapy and other continuing treatment by a healthcare provider. Plaintiff otherwise was unable to work due to his conditions, treatment therefrom, and/or recovery therefrom. At the time of Plaintiff's termination, Defendant had been notified that Plaintiff would be able to return to work on approximately August 17,

2020, after he was able to recover from the toxicity associated with chemotherapy treatment.

39. Plaintiff requested a medical leave of absence on March 6, 2020. At the time he made the request, Plaintiff's need for leave was unforeseeable. As such, Plaintiff provided notice as soon as practicable under the circumstances.

40. Per the letter dated July 1, 2020 (and mailed out on July 7, 2020), Defendant indicated (though inaccurately) that Plaintiff had been out of work since March 23, 2020 and that, as such, his FMLA expired on June 1, 2020. Thus, Defendant did not commence Plaintiff's protected medical leave when it was requested.

41. Notably, exactly ten (10) weeks passed between March 23, 2020 and June 1, 2020. From March 23, 2020 through May 15, 2020, or seven (7) weeks and four (4) days of that timeframe, the entire state of Louisiana was under a mandatory Stay at Home Order, which precluded all of Defendant's employees from returning to the workplace to perform their duties. As such, Defendant clearly and unequivocally counted days toward the exhaustion of Plaintiff's leave, none of which should have been counted toward his leave period due to the impending exigent circumstances of COVID-19.

42. Not only did Defendant fail to provide Plaintiff twelve (12) weeks of job protected leave, but, of the ten (10) weeks Defendant did purportedly provide, it improperly counted seven (7) weeks and four (4) days toward Plaintiff's leave time, despite the fact that the State of Louisiana was under a mandatory Stay at Home Order.

43. For the foregoing reasons, Defendant denied Plaintiff the benefits to which he was entitled under the FMLA, and, as a result, illegally terminated Plaintiff's employment on July 17, 2020.

44. Defendant wrongfully interference and restrained Plaintiff's rights in violation of 29 U.S.C. § 2615(a)(1).

45. Defendant's actions were willful, intentional, and committed with malice or reckless indifference to the protected rights of Plaintiff.

46. Wherefore Plaintiff asks this Honorable Court to find Defendant, **UNITED REFIGERATION, INC.** liable for the violation of 29 U.S.C. § 2615(a)(1).

---

## SECOND CAUSE OF ACTION:
## FMLA RETALIATION
*Pursuant to 29 U.S.C. § 2601 et seq.*

---

47. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

48. Plaintiff requested and was granted a medical leave of absence pursuant to the FMLA.  As such, Plaintiff engaged in activity protected by the FMLA.

49. Plaintiff was terminated from employment on July 17, 2020. As such, Plaintiff suffered an adverse employment action.

50. Plaintiff's termination was due to Plaintiff's use of FMLA leave. Indeed, the stated reason given by Defendant for terminating Plaintiff was "medical," and the written correspondence mailed to Plaintiff indicated that Defendant was terminating his employment because the company was "unable to hold [his] job position any longer."

51. In reality, Defendant wrongfully counted days toward the accumulation of Plaintiff's FMLA leave, as over seven (7) of the ten (10) weeks afforded to Plaintiff were, in fact, during the mandatory Stay at Home Ordered effective across Louisiana due to COVID-19. Moreover, Defendant terminated Plaintiff during his exercise of FMLA leave.

52. Defendant failed to act in accordance with 29 U.S.C. § 2615(a)(2).

53. Defendant's retaliation is willful, intentional, and committed with malice or reckless indifference to the protected rights of Plaintiff.

54. As a result of Defendant's discriminatory conduct, Plaintiff has suffered non-pecuniary losses including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses to be more fully developed at the trial on this matter.

55. As a result of Defendant's discriminatory conduct, Plaintiff has suffered monetary losses including, but not limited to, back pay, front pay, medical and other benefits, and other losses to be more fully developed at the trial on this matter.

56. Wherefore Plaintiff asks this Honorable Court to find Defendant, **UNITED REFIGERATION, INC.** liable for the violation of 29 U.S.C. § 2615(a)(2).

---

## PRAYER

---

**WHEREFORE**, Plaintiff, **JOHN E. HANSEN, SR.**, requests that his Honorable Court enter judgment against Defendant providing the following relief:

(a) All damages to which Plaintiff may be entitled, including but not limited to back pay, reimbursement for lost position and training, social security and other benefits, front pay, and any and all statutory relief;

(b) Punitive or exemplary damages;

(c) Liquidated damages;

(d) Reasonable attorney's fees, with conditional awards in the event of appeal;

(e) Pre-judgment interest at the highest rate permitted by law;

(f)  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(g)  Costs, including expert fees;

(h)  Reasonable and necessary medical care and expenses in the past and future;

(i)  Mental anguish damages in the past and future;

(j)  Injunctive relief; and

(k)  Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

---

## DEMAND FOR JURY TRIAL

---

Pursuant to Rule 38 of Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

**Respectfully Submitted**,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@saa.legal

BY: */s/ James E. Sudduth, III*
**JAMES E. SUDDUTH, III, #35340**
**KOURTNEY L. KECH, #37745**
**PIERCE A. RAPIN, #38579**
*Counsel for Plaintiff*